IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRI JEAN-BAPTISTE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-17-95 |
| SAP, NATIONAL SECURITY SERVICES INC. And CORPORATION TRUST, INC. | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Henri Jean-Baptiste filed his Complaint in this lawsuit on January 13, 2017, along with a Motion to Proceed in Forma Pauperis, ECF No. 3. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(c)(1). Compl. ¶ 1. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal district courts also have original jurisdiction over actions where the matter in controversy is more than $75,000 and none of the defendants is a citizen of the same state as any plaintiff. 28 U.S.C. § 1332(a)(1)–(2).

> Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

*Naselnik v. Ideal Hyundai Buick GMC*, No. RDB-16-3034, 2016 WL 7474519, at *1 (D. Md. Dec. 29, 2016); *see also Williams v. Holley*, No. DKC-16-623, 2017 WL 550034, at *3 (D. Md. Feb. 10, 2017) ("As the party invoking the jurisdiction of this court, Plaintiff bears the burden of proving the existence of subject matter jurisdiction." (citing *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008))).

Plaintiff alleges state-law claims of "Loss of Consortium, Negligence, Defamation of character, Conspiracy in wrongful Malicious prosecution, and Reckless Destruction of Property," as well as "actions against plaintiff in violation of State, Federal Laws, Statute 18 U.S.C.A. § 912." Compl. 1. Certainly, Plaintiff cites a federal criminal statute, 18 U.S.C. § 912, which provides that it is a punishable offense to "pretend to be an officer or employee acting under the authority of the United States or any department, agency, or officer [of the United States]" and thereby "demand[] or obtain[] any money, paper, document, or thing of value." But, this statute cannot provide the basis for this Court's jurisdiction in this civil action, because Plaintiff cannot institute criminal charges or insist on criminal prosecution of a third party. *See Linda R. v. Richard V.*, 410 U.S. 614 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another). He does not identify any other federal laws that Defendants allegedly violated. Because the remainder of the claims are state-law claims, this Court does not have federal question jurisdiction. *See* 28 U.S.C. § 1331.

It appears that Plaintiff names both SAP, National Security Services, Inc. ("SAP") and Corporation Trust, Inc. as Defendants. Compl. 1. However, he does not allege that Corporation Trust, Inc. engaged in any acts for which it would be liable to him. Rather, he simply asserts that Corporation Trust, Inc. is SAP's resident agent. *Id.* ¶ 4. Consequently, he fails to state a claim against Corporation Trust, Inc. under any cause of action. *See* Fed. R. Civ. P. 12(b)(6). In any

event, if Corporation Trust, Inc., a Maryland-based company, were a defendant, Plaintiff could not invoke this Court's diversity jurisdiction, because he also is a Maryland citizen. *See id.* ¶¶ 2, 4; 28 U.S.C. § 1332(a)(1) (providing that the lawsuit must be "between . . . citizens of different States" for diversity jurisdiction to exist). Therefore, any claims asserted against Corporation Trust, Inc. will be dismissed. *See* Fed. R. Civ. P. 12(b)(1), (6).

Plaintiff asserts that "Defendant SAP is a private Corporation with its headquarter[s] in Waldorf, Germany," and "there is diversity of citizenship and an amount in controversy greater than $75,000." *Id.* ¶¶ 1, 5. Even if SAP, the only Defendant listed on the Civil Cover Sheet, ECF No. 2-3, and the only Defendant discussed within the body of the Complaint, is the only Defendant Plaintiff is suing, such that diversity jurisdiction exists, Plaintiff nonetheless fails to state a claim against it.

Plaintiff asserts that he is suing Defendants under *respondeat superior* for the actions of "Defendants' Executives []Vernon A. Bailey, Vikki Jean-Baptiste, Robert B. Laurence, Laura Carmack, Patricia Lavan, Patrick Rafferty, and Mark Testoni[]," all of whom worked for SAP. Compl. 1 & ¶¶ 9–13. In 2015, Plaintiff filed a complaint raising claims similar to those alleged in the pending case. *See Jean-Baptiste, et al. v. SAP, National Security Services, et al.*, Civil Action No. PJM-15-187 (D. Md.). That complaint was dismissed on February 2, 2015. *See* Mem. Op. & Order, ECF Nos. 3 and 4 in *Jean-Baptiste*, PJM-15-187. Plaintiff did not file an appeal of this Court's dismissal. In dismissing the complaint without prejudice, this Court reasoned as follows:

> Plaintiff Henri Jean-Baptiste is suing his ex-wife's employer because he claims employees of SAP National Security Services ("SAP") conspired with her to falsely charge him with domestic violence and, subsequently, with violating an order of protection resulting in his incarceration and loss of his businesses in 2012. He further claims the purpose of this conspiracy was to cover up an extra-marital affair his wife was having with her boss and to prevent him from reporting

> their misconduct which would have resulted in the loss of a large contract they were attempting to win for SAP. Records submitted with the Complaint as exhibits indicate that Plaintiff's wife alleged he beat her, emotionally abused their children, and threatened to kill her as a result of Plaintiff's unmedicated bi-polar illness. The Complaint asserts that federal criminal statutes were violated in the process of having Plaintiff charged with domestic violence and failure to obey the order of protection. All of the claims of misconduct involve acts of alleged misconduct committed by Plaintiff's ex-wife and her supervisor. Plaintiff asserts Defendant SAP is liable under a theory of respondeat superior. He claims negligence, defamation of character, reckless destruction of property, and wrongful prosecution. ECF 1. Plaintiff provides no evidence that his criminal conviction has been overturned on appeal or otherwise expunged. *See State of Maryland v. Jean-Baptiste*, Case No. 4D00278324 (D. Md. for Mont. Co.), *see* http://casesearch.courts.state.md.us/inquiry.
>
> . . .
>
> While a corporation may be sued for the tortious conduct of its employees, that conduct must have occurred within the scope of their employment. *See Southern Management Corp. v. Taha*, 378 Md. 461, 480, 836 A.2d[] 627 (Md. 2003). In the instant case, all of the alleged tortious conduct involved allegations of domestic violence in the context of Plaintiff's marriage and his bald assertions that Defendant's employees conspired with her to file criminal charges against him. In order to be considered conduct within the scope of employment, "the act must have been in furtherance of the employer's business and authorized by the employer." *Id.* at 481, citing *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467 (Md. 1991). Authorized does not mean "authority expressly conferred, but whether the act was such as was incident to the performance of the duties entrusted to the employee by the employer." *Ennis v. Crenca*, 322 Md. 285, 294, 587 A.2d 485 (Md. 1991).
>
> Plaintiff's claims that his ex-wife was having an affair with her boss and was then encouraged or cajoled into pursuing domestic violence charges to hide the affair, is not conduct attributable to the employer in furtherance of its business. . . .

Mem. Op. 1–4 in *Jean-Baptiste*, PJM-15-187.

Here, again, as noted, Plaintiff invokes the theory of *respondeat superior* to impose liability on SAP. *See* Compl. 1. Under Maryland law, vicarious liability for the tortious conduct of employees is only viable where "the conduct is in furtherance of the business of the

4

employer and is authorized by the employer." *Tall v. Bd. of Sch. Comm'rs*, 706 A.2d 659, 667 (Md. Ct. Spec. App. 1998).

> The common law doctrine of respondeat superior not only holds employers liable for the actions of their employees in furtherance of the employer's business, but also limits an employer's liability to those situations. It is central to the doctrine that an employee's acts committed outside the scope of employment, i.e., not in the furtherance of the employer's business, are not attributable to the employer.

*Antonio v. SSA Sec., Inc.*, 110 A.3d 654, 658–59 (Md. 2015). Consequently, "[t]he universe of the types of employee acts for which the employer might be held strictly liable is limited." *Id.* As this Court previously noted in *Jean-Baptiste*, PJM-15-187, the alleged conduct is not attributable to the employer and *respondeat superior* does not apply. Thus, Plaintiff fails to state a claim against SAP, and his Complaint shall be dismissed without prejudice by separate Order.[1]

February 15, 2017
Date

Paul W. Grimm
United States District Judge

---

[1] The complaint is dismissed without prejudice to any claim Plaintiff chooses to file in State Court.