IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENRI JEAN-BAPTISTE           *

Plaintiff                     *

v.                            *       Civil Action No. PWG-17-95

SAP, NATIONAL SECURITY        *
SERVICES, INC., *et al.*
                              *
Defendants
                            ***

## MEMORANDUM AND ORDER

On February 15, 2017, I dismissed Plaintiff Henri Jean-Baptiste's Complaint against Defendants SAP, National Security Services, Inc. ("SAP") and Corporation Trust, Inc. for lack of jurisdiction and failure to state a claim. Mem. Op. & Order, ECF Nos. 5 & 6. Plaintiff now moves for reconsideration of that Order and also seeks leave to amend his Complaint. ECF No. 7. I construe Plaintiff's motion for reconsideration as one filed pursuant to Fed. R. Civ. P. 59(e). Because Plaintiff does not present any valid grounds for reconsideration and I cannot grant leave to amend without vacating the judgment, I will deny his motion in its entirety.

Plaintiff insists that "[t]he Memorandum Opinion'[s] alleged summary or interpretation of Plaintiff['s] Complaint is somewhat incorrect" insofar as it relied on a letter from Vikki Jean-Baptiste in which she made statements that, according to Plaintiff, she recanted under oath. Pl.'s Mot. ¶¶ 4–5. He also argues that criminal cases against him were "dismissed and expunged," and one that was "on Appeal status" has been "changed ... to closed status." *Id.* ¶ 6. Additionally, Plaintiff contends that his prior case in this Court, *Jean-Baptiste v. SAP, National Security Services*, No. PJM-15-187 (D. Md. 2015), was dismissed because he did not have counsel. *Id.* ¶ 6.

A motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment, such as Plaintiff's, is analyzed under Rule 59(e). *See MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); Fed. R. Civ. P. 59(e). "Courts have recognized three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice." *Knott v. Wedgwood*, No. DKC 13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (citations omitted); *see Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (same); *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (holding that Rule 59(e) provides a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances").

Plaintiff does not argue that the law has changed or that new evidence is available. Nor does he assert convincingly that this Court's decision relies upon a clear error of law or that he is entitled to the relief sought in order to prevent a manifest injustice. Rather, he challenges the bases for the Court's dismissal of his state law claims, while seeking leave to amend to state a claim under federal law so that this Court would have jurisdiction over his action. Insofar as he argues that the Court incorrectly summarized the facts regarding Vikki Jean-Baptiste's statements or the status of the criminal cases against him, those facts were not relevant to the grounds for dismissal. Nor were the grounds for dismissal of *his* claims in *Jean-Baptiste v. SAP, National Security Services*, No. PJM-15-187, incorrectly stated. While the claims asserted by his *co-plaintiffs* Express Services Co., Inc., Express Mortgoge [sic] & Co., and H.J.B. General Contractors in *Jean-Baptiste v. SAP, National Security Services*, No. PJM-15-187, were dismissed because they were not individuals and did not have counsel, and "[a]ll parties other

than individuals must be represented by counsel," Loc. R. 101.1(a), *Plaintiff's* claims were dismissed for lack of jurisdiction and failure to state a claim. Mem. Op., ECF No. 3 in PJM-15-187.

In any event, Plaintiff has not shown that this Court has jurisdiction or that he stated a claim under state law. Thus, there was no error of law or manifest injustice. Accordingly, I will deny Plaintiff's Motion for Reconsideration. *See Robinson*, 599 F.3d at 411; *Hill*, 277 F.3d at 708; *Knott v*, 2014 WL 4660811, at *2. And, because I am denying the Motion for Reconsideration, I also must deny Plaintiff's request to amend the complaint. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("There is one difference between a pre- and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)."). I note, however, that Plaintiff is proceeding in forma pauperis and that his Complaint was dismissed without prejudice, *see* Order, such that he may file a new civil action without incurring an additional filing fee.

Accordingly, it is this /0 day of April, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff's Motion for Reconsideration and request to amend, ECF No. 7, IS DENIED; and the Clerk SHALL PROVIDE a copy of this Order to Plaintiff.

_____
Paul W. Grimm
United States District Judge